UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BILLY A. FUSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-164-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Billy Fuson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Fuson's application for Supplemental Security Income ("SSI"). The Court, having reviewed the record and for the reasons stated herein, will deny Fuson's Motion for Summary Judgment [R. 10], and grant that of the Commissioner [R. 11].

**I.**

Fuson filed an application for SSI on August 15, 2007. [Transcript ("Tr.") 113]. He alleges disability, beginning December 31, 2006, due to headaches, dizziness, blurred vision, a history of neck, head and right shoulder trauma, right arm pain, arthritis and unstable blood pressure.[1] [Tr. 113, 134]. Fuson's application was denied initially on November 20, 2007 [Tr.

---

[1] Fuson has a history of filing a number of prior applications for Social Security disability benefits. On October 17, 1983, the plaintiff was found disabled because he met the requirements of § 1.12 of the Listing of Impairments. [Tr. 76.]. Medical improvement was later found to have occurred and his disability was found to have ceased as of February 3, 1987. *Id*. This

1

71] and upon reconsideration on March 8, 2008 [Tr. 72].  An administrative hearing was conducted before Administrative Law Judge ("ALJ") Frank Letchworth on May 8, 2009.  [Tr. 20-55].  During the hearing, the ALJ heard testimony from Fuson and Vocational Expert ("VE") William Ellis.  At the time of the hearing, Fuson was a forty-nine-year-old former electrician's helper with a high school education.  [Tr. 24, 27].

In evaluating a claim of disability, an ALJ conducts a five-step analysis.  See 20 C.F.R. 416.920.[2]  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. § 416.920(b).  Second, if a claimant does not have a severe impairment, he is not disabled.  20 C.F.R. § 416.920(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix I, he is disabled.  20 C.F.R. § 416.920(d).  Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled.  20 C.F.R. § 416.920(e).  Fifth, if a claimant's impairments

---

termination decision was eventually appealed to Federal District Court and affirmed on June 22, 1994.  [Tr. 77.].  An SSI application filed on June 24, 1994 was denied at all administrative levels, becoming final as of January 24, 1996, and eventually affirmed by the U.S. District Court. *Id.*  The most recent SSI application, other than the current one, was filed on October 13, 2000. [Tr. 76.].  This application was also denied at all administrative levels and became final after an ALJ's denial decision on September 27, 2002. [Tr. 12].  The current ALJ did not reopen the prior applications.  *Id.*

[2]The Sixth Circuit Court of Appeals summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *Id*. at 474.

(considering his residual functional capacity, age, education and past work) prevent him from performing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 416.1520(f).

In this action, at Step 1, the ALJ found that Fuson had not engaged in substantial gainful activity since the SSI application date. [Tr. 14]. At Step 2, the ALJ found that Fuson suffered from severe impairments relating to degenerative disc disease of the cervical and lumbar spine including spondylosis, a history of left carpal tunnel release, and a history of right arm injury with subsequent right elbow fusion. *Id*. At Step 3, the ALJ found that Fuson's impairments did not meet or medically equal one of the listed impairments. [Tr. 16]. At Step 4, the ALJ determined that Fuson possessed the residual functional capacity ("RFC") to perform a restricted range of light level work but could not return to his past relevant work. [Tr. 16-17].

At Step 5, the burden of coming forward with evidence shifted to the Commissioner to identify a significant number of other jobs in the economy Fuson could perform. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d, 469, 474 (6th Cir. 2003). Here, the ALJ concluded that there were a significant number of jobs in the economy Fuson could perform. [Tr. 18]. Accordingly, on August 31, 2009, the ALJ issued an unfavorable decision, finding that Fuson was not disabled, and therefore, not eligible for SSI. [Tr. 18-19]. The Appeals Council declined to review the ALJ's decision on April 15, 2011 [Tr. 1-3] and Fuson now seeks judicial review in this Court.

**II.**

**A.**

This Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g).; *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*; 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id*. However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id*. Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.**

Fuson's first argument on appeal is that the decision is not supported by substantial evidence because the ALJ improperly rejected key portions of the opinion of Dr. Rhonda Sivley, a treating physician. In April of 2009, Dr. Sivley indicated that Fuson would be: (1) limited to sitting for no more than four hours in an eight-hour day in intervals of one hour; (2) limited to standing for no more than two hours a day in one-hour intervals; (3) limited to walking for no

4

more than two hours a day in intervals of one hour; (4) unable to more than occasionally lift and carry up to twenty pounds; (5) unable to perform repetitive actions such as using the right arm for the pushing and pulling of arm controls and using the right arm for fine manipulation; (6) unable to use the right lower extremity for pushing and pulling of leg controls; (7) unable to ever bend, squat, crawl, and climb; (8) unable to more than occasionally reach; (9) limited by a need to totally avoid exposure to unprotected heights and moving machinery; and (10) limited by a "moderate" restriction concerning exposure to marked changes in exposure to temperature changes or humidity and driving automotive equipment. [Tr. 334]. The ALJ stated that he found her opinion supported by the evidence and indicated his intent to incorporate these restrictions into his RFC. [Tr. 17].

Despite this statement, however, the ALJ omitted the driving restriction entirely from the hypothetical question presented to the VE and changed the restrictions concerning fine manipulation and use of hands for arm controls from never to occasional. [Tr. 53]. Because the hypothetical question did not fairly characterize Fuson's condition, the plaintiff asserts that the cited jobs do not meet the ALJ's burden of proof and a remand of the action is required. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777 (6th Cir. 1987).

### 1.

With regard to the restriction concerning no use of hand controls, the Court notes that this restriction was presented by the ALJ in an earlier hypothetical question and the VE testified that the jobs of ticket taker and parking lot attendant could be performed.[3] [Tr. 51-52]. These jobs

---

[3]The first hypothetical question included "no more than occasional feeling, no reaching or handling, pushing or pulling or use of hand controls…." [Tr. 51]. When the VE asked for clarification whether "no" or "occasional" was intended for the activities cited after occasional feeling the ALJ "responded no handling, no pushing, pulling, no other things." [Tr. 52].

were also cited as being available in response to the later hypothetical question relied upon by the ALJ. [Tr. 18, 53]. Thus, this restriction was clearly considered by the VE and the cited jobs consistent with the limitation. Therefore, the Court finds no error on this point.

## 2.

Fuson also asserts that the ALJ erred in rejecting Dr. Sivley's opinion concerning no use of the hands for repetitive fine manipulation. However, the doctor did not preclude all fine manipulation, only that with the right hand. [Tr. 334]. No restriction was indicated with regard to the left hand. *Id*. Thus, Dr. Sivley's opinion would appear to allow Fuson to engage in at least some fine manipulation. The hypothetical question allowed for no more than occasional fine manipulation. [Tr. 53]. This limitation is arguably consistent with the opinion of Dr. Sivley and, so, the Court finds no error.

## 3.

The ALJ did not include a moderate restriction on driving in any of the hypothetical questions presented to the VE. The Defendant notes that the *Dictionary of Occupational Titles* ("DOT") indicates at DOT § 915.473-010 concerning the job of parking lot attendant, that the job can include a driving component.[4] Fuson argues that because driving is required, the job would not be compatible with the findings of the treating source and, so, the ALJ erred in relying upon it. However, Dr. Sivley did not preclude all driving but only indicated a moderate restriction on the activity. [Tr. 334]. The DOT at § 915.473-010 indicates that a parking lot attendant may park the car himself or direct the patron to the parking spot and also performs a number of other duties including recording the time a driver arrived and patrolling the area.

---

[4] The DOT at § 344.667-010 concerning ticket taker does not include a driving requirement.

Thus, the amount of driving required in performing the job would not appear incompatible with the moderate driving restriction identified by Dr. Sivley. Fuson testified at the administrative hearing that he retained his driver's license. [Tr. 24]. In November of 2007, a physical therapist at Pineville Community Hospital reported that the plaintiff continued to drive. [Tr. 350]. Therefore, the omission of the restriction concerning a moderate limitation on driving appears no more than harmless error.

## C.

Fuson asserts that the decision fails to comply with the procedural safeguards of reason-giving as set forth in 20 C.F.R. § 404.1527(d). Under the regulations, a treating physician's opinion is normally entitled to superior weight and when this opinion is not given such deference, the ALJ is required to cite good reasons for this action. 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit Court of Appeals has found that the failure of the administration to follow its own procedural requirements can constitute reversible error even if the case is otherwise supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Part of the rationale for giving good reasons is to allow a claimant to understand the disposition of his case, and a failure to follow the procedural requirement is a ground for remand. *Id.* In some circumstances, a failure to follow the rule may be seen as harmless error. *Id.* at 547.

The Court has determined that Dr. Sivley's restrictions concerning fine manipulation and the use of hand controls were properly presented to the VE and, so, the ALJ had no need to state reasons why these limitations were rejected. The limitation with regard to driving was omitted, quite possibly by accident since the ALJ indicated he was relying upon the treating source. *Wilson* indicates that it can be harmless error if the treating source's opinion is essentially

adopted or if the ALJ makes findings consistent with the opinion. *Id.* In the present action, the DOT suggests that the jobs of ticket taker and parking lot attendant would not require one to drive more than the moderate restriction identified by Dr. Sivley. Thus, these jobs appear to be compatible with the restrictions noted by the treating source and, so, a finding of harmless error is appropriate.

## D.

Fuson asserts that the vocational testimony does not carry the Commissioner's burden of proof because the hypothetical question did not accurately reflect the opinion of the source the ALJ intended to adopt. However, the Court has found that the question essentially included the restrictions relating to arm controls and fine manipulation indicated by Dr. Sivley and the error in omitting moderate driving restriction was harmless because the DOT indicates that this additional restriction would not preclude the cited jobs. Therefore, the Court must reject the plaintiff's argument.

## III.

Accordingly, and the Court being sufficiently advised, it is hereby ordered as follows:

1. Plaintiff's motion for Summary Judgment [R. 10] is **DENIED**;

2. Defendant's Motion for Summary Judgment [R. 11] is **GRANTED**; and,

3. **JUDGMENT** in favor of the defendant will be entered contemporaneously herewith.

This the 16th day of August, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge